**Opinion filed March 9, 2023**



## In The

# Eleventh Court of Appeals

_____

### No. 11-22-00302-CV

_____

### LARRY BRADSHAW, Appellant

### V.

### CUMMINS SOUTHERN PLAINS, LLC, Appellee

---

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-18-07-0767-CV**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Larry Bradshaw, filed a pro se notice of appeal from the trial court's Order Regarding Plaintiff's Motion to Compel. After this appeal was docketed, we informed Appellant that it did not appear that the order from which Appellant attempted to appeal was final and appealable, and we requested that Appellant provide this court with a response showing grounds to continue this appeal. *See* TEX. R. APP. P. 42.3. Appellant filed a response and requested, in part,

that we treat his notice of appeal as a prematurely filed notice of appeal pursuant to Rule 27 of the Texas Rules of Appellate Procedure.

After receiving Appellant's response, we issued an order abating this appeal pursuant to Rule 27.2 in order to permit Appellant to obtain, and the trial court to enter, a final order or judgment over which this court has jurisdiction. In our abatement order, we explained that the order from which Appellant attempted to appeal was an interlocutory order regarding discovery. We further stated: "The denial of a motion to compel discovery may be challenged by a petition for mandamus, but it is not an appealable interlocutory order." *Rudder v. Hannah*, No. 2-04-112-CV, 2004 WL 1176655, at *1 (Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op.).

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195. The order that Appellant attempts to appeal is not a final, appealable order. Rather, it is an interlocutory order from which no appeal is authorized by statute. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2022) (permitting appeals from certain interlocutory orders).

In our December 15, 2022 abatement order, we informed the parties: "If a final, appealable order or judgment has not been entered by February 28, 2023, we may dismiss this appeal." *See* TEX. R. APP. P. 42.3. Because all parties and all claims have not been disposed of and because Appellant has not obtained a final, appealable order or judgment as directed by this court in the December 15 abatement order, we now reinstate the appeal and dismiss it for want of jurisdiction.

This appeal is dismissed for want of jurisdiction.

PER CURIAM

March 9, 2023

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[1]

Trotter, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.